IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jesse A. Zuno, (M11302),<br><br>    Petitioner,<br><br>  v.<br><br>Christine Brannon-Dortch, Warden,<br>Hill Correctional Center,[1]<br><br>    Respondent. | Case No. 21 C 4786<br><br>Judge John J. Tharp, Jr. |

**MEMORANDUM OPINION AND ORDER**

Petitioner Jesse A. Zuno, an inmate at the Lawrence Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his attempted murder conviction in the Circuit Court of Cook County. (Dkt. 1, 5.) Respondent moves to dismiss the petition with prejudice as untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Dkt. 15.) The Court denies Respondent's motion as to Claim One, but grants the motion as to Claims Two and Three. Claims Two and Three are dismissed with prejudice. Respondent is ordered to answer Claim One on the merits.

**I. Background**

The Court draws the following factual history from the state court record (Dkt. 16.) and state appellate court opinions. *Illinois v. Zuno*, 2015 IL App (1st) 140440-U ("*Direct Appeal*"); *Illinois v. Zuno*, 2020 IL App (1st) 172241-U ("*Postconviction Appeal*"). State court factual

---

[1] Petitioner is located at the Lawrence Correctional Center in the custody of Warden Dr. Deanna Brookhart. The Court substitutes Warden Brookhart in place of the named Respondent Warden Brannon-Dortch. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that proper Respondent in habeas corpus case is prisoner's immediate custodian such as his warden); Fed. R. Civ. 25(d) (allowing for substitution of public official named in official capacity).

findings, including facts set forth in state court appellate opinions, have a presumption of correctness, and Petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1); *Tharpe v. Sellers*, 138 S. Ct. 545, 546 (2018); *Hartsfield v. Dorethy*, 949 F.3d 307, 309 n.1 (7th Cir. 2020) (citations omitted). Petitioner has not made such a showing.

Petitioner entered a negotiated guilty plea to attempted murder and was sentenced to 31 years of imprisonment. *Direct Appeal*, 2015 IL App (1st) 140440-U, ¶ 3. The factual basis for the guilty plea established that on September 25, 2011, at approximately 5:00 a.m., the victim was shot in his leg while leaving a nightclub in Stone Park, Illinois. *Id*. at ¶ 5. He needed emergency surgery to save his life and leg. *Id*.

A police officer heard shots coming from behind a mesh fence. *Id*. at ¶ 6. He returned fire and saw Petitioner, the only person in the area, running toward a vehicle. *Id*. The officer gave chase and apprehended Petitioner at the vehicle. *Id*. Petitioner threw a gun on the ground during the arrest. In addition to recovering a weapon, the police obtained samples from Petitioner's person for gunshot residue testing and located shell casings at the scene. *Id*. Subsequent forensic testing determined both that: (1) Petitioner had gunshot residue on his right hand, suggesting that he had either recently discharged a firearm or was in the proximity of a discharged gun at the time of his arrest; and (2) the recovered shell casings were discharged by the recovered gun. *Id*.

Having completed his state direct and postconviction appeals, Petitioner now brings the instant habeas corpus petition alleging: (1) his due process rights were violated when the state trial court dismissed his postconviction petition in full despite only addressing two out of five of his claims; (2) the state trial court erred during the guilty plea hearing by failing to properly instruct

him on the necessary procedure if he wished to bring a timely appeal; and (3) a lawyer should have been appointed for Petitioner following his guilty plea to assist in any potential appeal. (Dkt. 1, pgs. 5-8.) Respondent moves to dismiss the petition as untimely pursuant to 28 U.S.C. § 2244(d). (Dkt. 15.)

## II. Analysis

### A. Statute of Limitations Calculation

Petitioner had one year to file his habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitations period starts on the latest of the: (A) completion of direct appeal (or expiration of time to bring the direct appeal) (B) removal of an unconstitutional state-created impediment that had previously prevented the filing of the petition; (C) recognition of a new constitutional right that has been made retroactive to cases on collateral review by the Supreme Court of the United States; or, (D) date on which the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period is tolled during the time Petitioner's properly filed application for postconviction or other collateral relief is pending in the state courts. 28 U.S.C. § 2244(d)(2).

Respondent argues that § 2244(d)(1)(A) provides the controlling date for the statute of limitations for all claims in Petitioner's habeas corpus petition. (Dkt. 15, pg. 3.) The § 2244(d)(1)(A) date occurs when "the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 139 (2012). Respondent calculates the § 2244(d)(1)(A) date as October 3, 2016, when the Supreme Court of the United States denied Petitioner's petition for a writ of

3

certiorari on direct appeal. *Zuno v. Illinois*, No. 15-9385, 137 S. Ct. 73 (Oct. 3, 2016). The Court disagrees with Respondent's analysis of the § 2244(d)(1)(A) date in two respects.

First, the Court calculates the § 2244(d)(1)(A) date as September 18, 2013, rather than October 3, 2016. As the Court sees it, Petitioner pled guilty and was sentenced on August 19, 2013. (Dkt. 16-1, pg. 5.) Illinois Supreme Court Rule 604(d) required Petitioner to withdraw his guilty plea within 30 days of the entry of sentence (September 18, 2013) if he wished to bring a direct appeal. Ill. S. Ct. R. 604(d); *Illinois v. Flowers*, 802 N.E.2d 1174, 1180 (Ill. 2003). Petitioner did not do so, making September 18, 2013, the expiration of time to bring the direct appeal under §2244(d)(1)(A). *See Foremin v. Gomez*, No. 21 C 5895, 2022 WL 2390942, at *2 (N.D. Ill. July 1, 2022) (recognizing § 2244(d)(1)(A) date when 30-day period for withdrawing guilty plea under Ill. S. Ct. R. 604(d) expired).

It is true that the Appellate Court of Illinois granted Petitioner leave to bring an out-of-time appeal several months later, on February 14, 2014. *Direct Appeal*, No. 2015 IL App (1st) 140440-U, ¶ 8. The appeal, however, was limited to the question of whether the general rule under Rule 604—that the defendant must withdraw his guilty plea within 30 days of sentencing if he wishes to appeal—should apply in Petitioner's case. *Id*. at ¶ 3. Petitioner argued that Rule 604 was inapplicable because he did not receive the required admonishments under Illinois Supreme Court Rule 605 (which implements Rule 604) when he pled guilty. *Id*. at ¶ 13. The appellate court rejected the argument and dismissed the appeal. *Id*. at ¶ 25 ("[W]e find that defendant waived his right to an appeal by failing to file a motion to withdraw his plea and to vacate the judgment. We also find that the trial court's admonishments to defendant on August 19, 2013, prior to taking

4

defendant's guilty plea, satisfied the requirements of Rule 605(c). Therefore, we must dismiss this appeal.") (citations omitted).

Respondent erroneously believes that the granting of the out-of-time appeal had the effect of reinstating Petitioner's direct appeal pursuant to *Jimenez v. Quarterman*, 555 U.S. 113 (2009). *Jimenez* holds that the § 2244(d)(1)(A) date is reset when the state court allows an out of time appeal reopening the direct appeal process. *Id*. at 120. The prisoner in *Jimenez* did not receive the required notice of his then pending direct appeal resulting in the appeal's dismissal. *Id*. at 115-16. The prisoner successfully petitioned the state court to reopen his appeal allowing it to proceed to the merits. *Id*. at 116. *Jimenez* explained that the reopening of the appeal reset the § 2244(d)(1)(A) date, meaning that the direct appeal (for purposes of § 2244(d)(1)(A)) was not complete until the resolution of the reopened appeal. *Id*. at 120. Importantly, however, *Jimenez* explained that the state court's granting of the out-of-time appeal in that case restored the prisoner's ability to bring a direct appeal that was "capable of modif[ying]" the conviction and sentence. *Id*. at 120. To put a fine point on it, *Jimenez* requires both the granting of an out of time direct appeal *and* that the restored process be able to challenge the prisoner's conviction and/or sentence. *Id*. at 120 n.4 ("[W]here a state court has in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal.")

By contrast, the state appellate court in Petitioner's case, although granting an out-of-time appeal, limited the appeal to his challenge on the Rule 604 issue, and rejected Petitioner's argument on that point. *Direct Appeal*, No. 2015 IL App (1st) 140440-U, ¶ 3. Having concluded that Rule 604 controlled, the state appellate court dismissed the appeal. *Id*. at ¶ 25. This difference is dispositive because unlike in *Jimenez*, Petitioner's appeal was not reopened on the merits as the

5

state court applied Rule 604 and dismissed the appeal. The Court calculates the § 2244(d)(1)(A) date as September 18, 2013, the date Petitioner's 30 days for withdrawing his guilty plea expired (not applying *Jimenez*) while Respondent proffers October 3, 2016 (applying *Jimenez*).

In any event, resolution of this issue is not outcome determinative because Respondent's proposed date is more favorable to Petitioner. The statute of limitations is a non-jurisdictional affirmative defense, and the Court is under no obligation to *sua sponte* correct Respondent's statute of limitations calculation. *Day v. McDonough*, 547 U.S. 198, 205 (2006) (holding that a federal court is permitted, but not required, to raise a potential miscalculation of the statute of limitations under 28 U.S.C. § 2244(d)). The Court concludes it is best to merely note its disagreement with Respondent's calculation of § 2244(d)(1)(A) but move forward using Respondent's October 3, 2016, § 2244(d)(1)(A) date as that avoids any concerns regarding *Jimenez* and affords Petitioner the most favorable version of the § 2244(d)(1)(A) date set forth by Respondent.

On to the Court's second ground of disagreement with Respondent's position that the § 2244(d)(1)(A) date controls for all of Petitioner's claims. As mentioned, § 2244(d)(1) provides four possible starting dates for the commencement of the one-year limitations, and instructs that the Court must use the "latest" of the four dates. *Id*. Respondent, however, only considers § 2244(d)(1)(A). This confusion appears to be based on an overreading of Supreme Court case law noting that § 2244(d)(1)(A) is "ordinarily" used when calculating the statute of limitations. (Dkt. 15, pg. 3.) (citing *Mayle v. Felix*, 545 U.S. 644, 662 (2005)); *see also McQuiggin v. Perkins*, 569 U.S. 383, 388 (2013). But, of course, the plain language of the statute provides four dates that could provide the controlling statute of limitations date. §§ 2244(d)(1)(A)-(d)(1)(D). Although 2244(d)(1)(A) "ordinarily" provides the controlling date, §§ 2244(d)(1)(B)-(D) can do so as well.

6

*See Williams v. Sims*, 390 F.3d 958, 960-61 (7th Cir. 2004) (recognizing §§ 2244(d)(1)(B) and (D) codify equitable tolling and estoppel principles, respectively). This case presents the infrequent situation in which § 2244(d)(1)(D) controls one of Petitioner's claims.

In Claim One, Petitioner argues that his due process rights were violated by the state court's process for reviewing and dismissing his postconviction petition when it considered only a portion of his claims. (Dkt. 1, pg. 5.) The state court denied his postconviction petition on May 5, 2017. (Dkt. 16-1, pg. 9.) The October 3, 2016, § 2244(d)(1)(A) date proposed by Respondent cannot apply to Claim One because Claim One did not arise until eight months later in May 2017. Section 2244(d)(1)(A) applies at the completion of direct appeal, but Claim One complains about events in the postconviction proceeding occurring after the direct appeal's conclusion.

Accordingly, § 2244(d)(1)(D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," controls Claim One. The factual predicate of Claim One, the dismissal by the state court, occurred on May 5, 2017, and is later than October 3, 2016, Respondent's § 2244(d)(1)(A) date. Section 2244(d)(1)(D) therefore controls Claim One, while § 2244(d)(1)(A) controls Claims Two and Three.[2]

---

[2] Sections 2244(d)(1)(B) and (C) are inapplicable. Section 2244(d)(1)(C) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," has no relevance and need not be discussed further.

Section 2244(d)(1)(B) although not controlling, requires additional discussion. That section instructs that the statute of limitations period commences on the date that an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Petitioner argues that he faced restrictions on access to the law library and his legal papers, especially during the COVID-19 pandemic. (Dkt. 25, pgs. 2-3, 5.) A lack of access to a prison library or other legal materials can be a state created impediment implicating

The Court must address one final point as there are two § 2244(d)(1) dates: (1) May 5, 2017, for Claim One, and (2) October 3, 2016, for Claims Two and Three. The Supreme Court and the Seventh Circuit have not directly answered whether timeliness should be evaluated on a claim-by-claim basis, or whether a habeas corpus petition should be evaluated in its entirety so that if any claim is timely then all claims are timely. *Taylor v. Michael*, 724 F.3d 806, 809 n.3 (7th Cir. 2013). The Supreme Court has suggested in dicta that § 2244(d)(1)(A) provides the general statute of limitations date for the habeas corpus petition as a whole, while §§ 2244(d)(1)(B)-(D) provide carve outs on a claim-by-claim basis. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005). Additionally, every Circuit to rule on the question follows this approach. *Taylor*, 724 F.3d at 809 n.3 (citing *Zack v. Tucker*, 704 F.3d 917, 922-25 (11th Cir. 2013) (en banc) (identifying *Zach* as providing an in-depth discussion of the leading case law on this issue); *Jefferson v. Duncan*, 14 C 1515, 2015 WL 249646, at *3 n.4 (N.D. Ill. Jan. 16, 2015) (providing discussion of leading cases). Thus, the Court will follow this standard of § 2244(d)(1)(A) providing the general statute of limitations date, and § 2244(d)(1)(D) only applying on a claim-by-claim basis. Thus, the Court

---

§ 2244(d)(1)(B) when the limitation impairs the prisoner's ability to acquire information necessary to comply with the statute of limitations. *See Famous v. Fuchs*, 38 F.4th 625, 631 (7th Cir. 2022). To invoke § 2244(d)(1)(B) there must be a "description about the nature or extent of [the] alleged deprivation" causing the impairment. *Id*. at 632. When the prisoner provides a "paucity of factual narrative as to information that was within [the prisoner's] knowledge, the district court [is] entitled to treat this allegation as legally insufficient to sustain an assertion that the State had created a constitutional impediment to a timely filing." The instant case meets that standard. Petitioner makes only a generalized claim about difficulties in accessing the library and related concerns. He provides no information to suggest that there was a constitutional impediment preventing the timely filing. To the contrary, Petitioner actively litigated in the state courts for many years before coming to federal court, suggesting he was able to access the court system.

Finally, for purposes of completeness, the Court is notes that even if § 2244(d)(1)(B) were used (or equitable tolling applied) making the claims timely, the Court would still deny those claims on the merits. Both attack the state court's application of Illinois Supreme Court Rules 604 and 605 in his case, non-cognizable issues of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

shall evaluate the statute of limitations under § 2244(d)(1)(A) for Claims Two and Three, and then evaluate under § 2244(d)(1)(D) for Claim One only.

As mentioned above, the § 2244(d)(1)(A) date calculated for Respondent for Claims Two and Three is October 3, 2016. The limitations period is tolled during the time a properly filed application for state postconviction or other collateral proceedings with respect to Petitioner's judgment or claim is pending in the state courts. 28 U.S.C. § 2244(d)(2). In Petitioner's case, 161 days ran against the one-year limitations period between the completion of the direct appeal on October 3, 2016, and the filing of his state postconviction on March 13, 2017. (Dkt. 15, pg. 5; Dkt. 16-5, pg. 7.) The statute of limitations period was tolled upon the filing of the postconviction petition. 28 U.S.C. § 2244(d)(2).

Petitioner's postconviction petition was denied by the state trial court on May 5, 2017. *Zuno*, 2020 IL App (1st) 172241-U, ¶ 5; (Dkt. 16-1, pg. 9.) He had 30 days (June 4, 2017) to file his appeal following the dismissal of his postconviction petition under Illinois Supreme Court Rules 606 and 651. Petitioner, however, did not meet the June 4th deadline, instead bringing an out-of-time appeal on September 18, 2017, (Dkt. 16-6, pg. 1.) and the state appellate court granted leave to bring the out-of-time appeal on September 22, 2017. *Postconviction Appeal*, 2020 IL App (1st) 172241-U, ¶ 5.

There is no question that Petitioner's federal statute of limitations period was tolled during the pendency of his state postconviction petition between its filing on March 13, 2017, and denial on May 5, 2017. It is an open question in the Seventh Circuit whether the 30-day period when Petitioner could have filed a timely appeal following the dismissal of the postconviction petition tolls the statute of limitations period under § 2244(d)(2) but other courts of appeals have held this

time period does toll the statute. *See Adamczyk v. Sullivan*, No. 18 CV 1858, 2019 WL 6903385, at *2-*4 (N.D. Ill. Apr. 9, 2019) (providing comprehensive study of case law on this point). Respondent calculates the limitations period assuming these 30 days tolls so the Court shall do so as well. (Dkt. 15, pg. 5.) This means that the postconviction proceeding stopped tolling (temporarily) when the 30-day appeal period expired on June 4, 2017.

The time between June 4, 2017, and Petitioner's filing of an out-of-time appeal on September 18, 2017, (Dkt. 16-6, pg. 1.) ran against the statute of limitations period. To toll, a state postconviction or other collateral proceeding must be "pending," § 2244(d)(2) but there was nothing pending before the state court once the 30-day appeal period expired on June 4th until Petitioner's filing of his accepted out-of-time appeal on September 18, 2017. *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000). As a result, another 107 days ran against the statute of limitations.

The postconviction appeal was pending from September 18, 2017, until the state appellate court affirmed the denial of the postconviction petition on August 28, 2020. *Postconviction Appeal*, 2020 IL App (1st) 172241-U, ¶ 1. The statute of limitations period was therefore tolled during that time. *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

Traditionally, Petitioner would have had 35 days to bring his petition for leave to appeal (PLA) following the state appellate court's ruling. Ill. S. Ct. R. 315(b). The Supreme Court of Illinois, however, extended the PLA deadline to 70 days during the COVID-19 pandemic. *In re: Illinois Courts Response to COVID-19 Emergency*, M.R. 30370 (Ill. Mar. 24, 2020, and Aug. 28, 2020) *available at*: https://www.illinoiscourts.gov/Resources/ff098916-2581-4f7c-9edd-b5252a359181/082820.pdf; (Dkt. 16-11.) With the appellate court's affirmance on August 28,

10

2020, Petitioner had until November 6, 2020, to file his PLA. Petitioner did not bring this PLA by that date, instead bringing an out-of-time PLA on December 22, 2020. (Dkt. 16-8, pg. 1.) The Supreme Court of Illinois granted leave to bring the out of time PLA, and then denied the PLA on May 26, 2021. (Dkt. 16-9, 16-10.)

Respondent assumes the 70 days when Petitioner could have brought a PLA, but did not, results in tolling. (Dkt. 15, pg. 6.) The period from November 6, 2020, when the time for bringing a timely PLA expired, to December 22, 2020, the date on which Petitioner brought an out-of-time of appeal that was granted by the Illinois Supreme Court, ran against the statute of limitations. *Fernandez*, 227 F.3d at 979. This is another 46 days of untolled time.

The statute of limitations was tolled from December 22, 2020, when the out-of-time PLA was filed until the PLA was denied on May 26, 2021. Tolling of the statute of limitations ended on May 26, 2021, with the completion of the state court proceedings. *Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007). A total of 106 days ran against the statute of limitations between the denial of the postconviction PLA, and the filing of the instant habeas corpus petition in this Court on September 9, 2021. (Dkt. 1, pg. 24.)

To summarize for Claims Two and Three:

- The one-year limitations period began on October 3, 2016, pursuant to 28 U.S.C. § 2244(d)(1)(A).

- 161 days ran against the statute of limitations between the completion of direct appeal and the filing of the postconviction petition.

- 107 days ran against the statute of limitations between the expiration of the 30-day period to bring an appeal following the denial of the postconviction petition in the state court and the filing of the out of time appeal in the state appellate court.

11

- 46 days ran against the statute of limitations between the expiration of the 70-day period to bring a PLA and the filing of the out of time PLA.

- 106 days ran between the denial of the PLA and the filing of the habeas corpus petition.

The sum of the untolled time (161+107+46+106) is 420 days. Respondent is therefore correct that Claims Two and Three are untimely pursuant to 28 U.S.C. § 2244(d).

As discussed above, however, Respondent's calculation is incorrect as to Claim One. For that claim, the one-year limitations period is calculated based on § 2244(d)(1)(D) not § 2244(d)(1)(A) and that date is May 5, 2017. The sum of the untolled time for Claim One is (107+46+106) for a total of 259. (The 161 days between the completion of direct appeal and the filing of the postconviction petition that ran against the statute of limitations for Claims Two and Three does not run against the statute of limitations for Claim One because Claim One's § 2244(d)(1)(D) date occurred after that period when the trial court denied the postconviction petition). The Court concludes Claim One is timely but Claims Two and Three are untimely.

B.   **Equitable Tolling**

Equitable tolling is unavailable to Petitioner for Claims Two and Three. To demonstrate that equitable tolling applies, Petitioner has the burden of showing that: (1) he diligently pursued his rights; and (2) an extraordinary circumstance stood in his way preventing a timely filing. *Pace*, 544 U.S. at 418. The Court must look to the "full picture" of the situation to evaluate whether equitable tolling is proper. *Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014).

At the outset, the Court notes that Petitioner also fails to make any argument suggesting that he was diligently pursuing his rights. Rather, Petitioner's arguments go exclusively to the second prong—that is, whether an extraordinary circumstance prevented timely filing.

Specifically, Petitioner argues that he is not trained in the law and has poor reading comprehension. (Dkt. 25, pg. 2.) These deficits led him to rely upon his fellow prisoners working in the law library to complete materials on his behalf. *Id*. A lack of legal knowledge or academic ability, however, does not constitute grounds for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Petitioner also notes that COVID-19 led to lockdowns, limited access to the law library, and reduced his access to his legal papers due to movement of prisoners. This led to additional delays according to Petitioner. At the outset, the Court notes that 268 (161+107) days that ran against the statute of limitations occurred prior to commencement of the Pandemic in 2020. Petitioner also received an additional 35 days from the Illinois Supreme Court to file his PLA as an accommodation during the Pandemic.

Moreover, the Pandemic, by itself, does not constitute *per se* grounds for equitable tolling. *Katz v. U.S. Dep't of Labor*, 857 F. App'x 859, 864 (7th Cir. Aug. 18, 2021) (non-precedential opinion). The prisoner, instead, must demonstrate how the Pandemic prevented him from bringing a timely petition. *United States v. Reeves*, No. 14-CV-1588, 2022 WL 17832713, at *7 (N.D. Ill. Dec. 21, 2022) (applying principle for statute of limitations under 28 U.S.C. § 2255). Petitioner provides no evidence suggesting that the Pandemic prevented him from bringing an otherwise timely filing. To the contrary, Petitioner was able to litigate during the Pandemic as he brought his PLA in December 2020. That PLA was filed as an out-of-time PLA, but Petitioner had a pattern

13

of filing late documents in the state proceedings long before the Pandemic. The Court sees nothing in the record to suggest that the Pandemic constitutes a ground for equitable tolling.

### III. Conclusion

Respondent's motion to dismiss (Dkt. 15.) is granted in part, and denied, in part. Claims Two and Three of the habeas corpus petition (Dkt. 1, 5.) are dismissed with prejudice. Claim One remains pending. Respondent is ordered to answer Claim One on the merits by August 11, 2023, and Petitioner may reply in support of Claim One by September 29, 2023. The Clerk is instructed to: (1) terminate Respondent Brannon-Dortch, (2) add Dr. Deanna Brookhart, Warden, Lawrence Correctional Center as Respondent; and (3) alter the case caption to *Zuno v. Brookhart*.

ENTERED:

Dated: 6/20/23

JOHN J. THARP, JR.
United States District Judge